UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDON STEER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. C13-0325-JLR-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Sandon Steer proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962.[1] He has a GED and previously worked as a

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

concrete finisher.  (AR 28-29, 47.)

Plaintiff filed an application for SSI in November 2009, alleging disability beginning November 17, 2009.  His application was denied at the initial level and on reconsideration.

On June 6, 2011, ALJ Mary Gallagher Dilley held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 40-78.)  On July 29, 2011, the ALJ issued a decision finding plaintiff not disabled.  (AR 20-30.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on December 21, 2012 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe plaintiff's major depressive disorder, generalized anxiety disorder, mild left wrist carpal tunnel syndrome, and mild elbow ulnar nerve neuropathy. Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), limited to lifting twenty pounds occasionally and ten pounds frequently, and able to stand or walk for six hours and sit for six hours in an eight-hour day. Plaintiff is able to use his upper left extremity to frequently push and pull (he is right hand dominant), and able to handle and finger frequently with his left upper extremity. He is able to climb ladders, ropes and scaffolds occasionally, to climb ramps and stairs frequently, and balance, stoop, kneel, crouch, and crawl frequently. He is able to perform work that involves no contact with the public and occasional superficial contact with coworkers; he must work in a low stress job involving unchanging and consistent duties. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a basket filler or bench assembler/small products assembler.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred at step three by failing to find his severe impairments met or equaled a listing, erred in considering the medical opinion evidence, failed to consider all of his restrictions in determining his RFC and improperly omitted restrictions from the vocational hypothetical at step five, and erred in considering his credibility.  He asks that the ALJ's decision be reversed and his claim remanded for an award of benefits.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical Opinion Evidence

In this particular case, although plaintiff also assigns error to the ALJ's step three analysis, credibility assessment, RFC determination, and step five finding, the core issue is whether the ALJ correctly evaluated the opinions of plaintiff's medical providers.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

A. <u>Meredith Sargent, Ph.D. and Deborah Sweet M.A.</u>

Dr. Sargent and Ms. Sweet conducted a psychological examination and assessment of plaintiff, including psychological testing, on January 18 and February 2, 2009. (AR 245-53.) The ALJ considered the evaluation, conducted approximately nine months before plaintiff's alleged onset date, to be "too remote to be material."  (AR 28.)  The Court finds that this reason would not be sufficient by itself to justify a disregard of this psychological evaluation, and the Commissioner does not argue to the contrary.  However, the ALJ also indicated that, even if the evaluation was not too remote, Dr. Sargent's opinion regarding plaintiff's mental capacity was "largely consistent" with the RFC assessed.  (*Id.*)  *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.")

Here, the ALJ limited plaintiff to work involving "no contact with the public and occasional superficial contact with coworkers; and he must work in a low stress job involving unchanging and consistent duties."  (AR 25.)  Plaintiff disputes the consistency of Dr. Sargent's evaluation with this RFC, arguing it fails to take into account Dr. Sargent's opinion that his anxiety and depression "may inhibit proper judgment and decisionmaking" or that his

REPORT AND RECOMMENDATION
PAGE -5

"recovery process may be compromised by excessive stress", such that a qualified therapist should assist him to reinstate slowly into the workforce. (AR 247-48.) Without elaboration, the Commissioner reasserts the consistency of the RFC with the limitations.

The Court, however, finds the ALJ's statement that the RFC limitations and those assessed by Dr. Sargent were "largely consistent" too vague to permit evaluation. There is no requirement that an RFC finding directly correlate with a specific medical opinion on the functional capacity in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Indeed, the "final responsibility" for decisions such as the assessment of an individual's RFC is reserved to the Commissioner. Social Security Ruling (SSR) 96-5P. However, an ALJ's findings should be "as comprehensive and analytical as feasible", so that a reviewing court may properly exercise its responsibility to determine if the decision is supported by substantial evidence. *Lewis v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The ALJ should reconsider Dr. Sargent's assessment, providing legally sufficient reasons and explaining the weight given to the opinions.

B.  <u>Alex Fisher, Ph.D.</u>

A similar error is alleged with regard to the opinion of state agency mental consultant Alex Fisher, Ph.D. (AR 359-76, affirmed by Dr. Lisa Hacker at AR 409.) The ALJ found "consistent with the overall record" Dr. Fisher's opinions regarding plaintiff's "moderate difficulty with public interaction and coworker interaction as well as moderate difficulty in working a normal workweek . . . little trouble with memory, completing tasks, accepting supervision, and adapting to changes . . . [and] mild difficulty in completing activities of daily living, moderate difficulty with social functioning, and mild difficulty in maintaining

concentration/persistence/pace", giving the opinions "significant weight". (AR 26-27.)

Plaintiff argues the ALJ failed to acknowledge other pertinent aspects of Dr. Fisher's opinions, including moderate limitations in the ability to maintain attention and concentration for extended periods, and moderate inability to complete a normal workday or workweek. However, plaintiff's argument gives undue emphasis to the worksheet portion of Dr. Fisher's Mental RFC Assessment (MRFCA). (AR 359-60.) It is the narrative portion of the MRFCA, rather than the check-box portion of the form, that should be relied upon for assessing RFC. Program Operations Manual System (POMS) DI 25020.010 at B.1.[2] ("The purpose of section I . . . on the [MRFCA] is chiefly to have a worksheet to ensure that the psychiatrist or psychologist has considered each of these pertinent mental activities and the claimant's or beneficiary's degree of limitation for sustaining these activities over a normal workday and workweek on an ongoing, appropriate, and independent basis. It is the narrative written by the psychiatrist or psychologist in section III . . . of [the MRFCA] that adjudicators are to use as the assessment of RFC.")

Nevertheless, the Court finds it necessary to recommend that the ALJ clarify the consideration of Dr. Fisher's opinions on remand. The ALJ apparently relied on Dr. Fisher's Psychiatric Review Technique (PRT) assessment of plaintiff's "mild" difficulty in maintaining concentration, persistence and pace. (AR 373.) While the ALJ is not precluded from considering the results of the PRT in formulating a RFC, the regulations anticipate a more detailed assessment at this stage of the sequential evaluation.

---

[2] Although the POMS "does not have the force of law" it "is persuasive authority." *Warre v. Comm'r*, 439 F.3d 1001, 1005 (9th Cir. 2006).

REPORT AND RECOMMENDATION
PAGE -7

> The psychiatric review technique described in 20 CFR 404.1520a and 416.920a and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

SSR 96-8p.

On remand, the ALJ should reevaluate Dr. Fisher's opinions, with particular attention to those set forth in the narrative portion of the functional capacity assessment, and explaining what weight has been given to the opinions.

C.   <u>Victoria McDuffee, Ph.D.</u>

Plaintiff argues that the ALJ failed to give proper credit to the opinions of treating provider Dr. McDuffee, specifically, impairments in the ability to exercise judgment and make decisions, the ability to relate to co-workers and supervisors, the ability to respond appropriately and tolerate the pressures and expectations of a normal work setting, and the ability to maintain appropriate behavior in a work setting. (AR 285.) Plaintiff contends that if these findings had been accepted, he would have been found disabled at step three. However, he does not specify which listing criteria he would have met.

Considering Dr. McDuffee's opinion, the ALJ found:

> Victoria McDuffee evaluated the claimant in September 2009, determining that he has a global assessment of functioning scale (GAF) score of 40. [AR 219-66.] Dr. McDuffee stated that he has severe difficulty with

decision-making, coworker interaction, and work pressure tolerance but moderate difficulty with routine tasks and public interaction. Dr. McDuffee indicated that he could work once he addressed his mental impairments. He obtained mental treatment in March 2010, and he had significant improve[ment] with medication. [AR 509-64.] Dr. McDuffee never reassessed him. Her opinion was not helpful in determining his residual functional capacity with effective treatment. Her opinion received little weight.

(AR 28.)

The Court finds the ALJ's consideration of Dr. McDuffee's opinions insufficient. The Commissioner argues the ALJ appropriately disregarded this September 2009 evaluation because other records show dramatic improvement in March 2011. (Dkt. 18 at 9.) However, plaintiff's disability claim alleges an onset date of November 17, 2009, much closer in time to Dr. McDuffee's evaluation than to March 2011. Furthermore, while the Commissioner attempts to identify support for the ALJ's findings in the fifty six pages of mental health treatment records cited generally by the ALJ (AR 509-64), the Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")).

On remand, the ALJ should re-evaluate the opinions of Dr. McDuffee, providing legally sufficient reasons supported by specific citations to the record and explaining the weight given to the opinions.

D.  Kathryn Draper, A.R.N.P.

Plaintiff asserts that treating provider Nurse Draper opined that she suffered from Major

Depressive Disorder and was "unable to work". (AR 518.)  Therefore, plaintiff argues, the ALJ erred by failing to incorporate these conclusions into the RFC.  However, the Court agrees with the Commissioner that opinions on issues that are reserved to the Commissioner, such as whether an individual is disabled under the Act, are entitled to no special significance.  20 C.F.R. § 404.1527(e).  Furthermore, plaintiff misconstrues the significance of the statement "Unable to work" in Nurse Draper's notes.  The phrase appears in the context of Nurse Draper's assessment utilizing the American Psychiatric Association's multiaxial classification system.  *See* Diagnostic and Statistical Manual of Mental Disorders 27-33 (4th ed. 2000) (DSM-IV-TR).  Nurse Draper lists "Unable to work, poverty" at Axis IV, which represents psychosocial and environmental problems that may affect the diagnosis, treatment, and prognosis of mental disorders. (*Id.* at 31.)  The Court finds no error in the lack of incorporation of Nurse Draper's comment into the ALJ's RFC finding.

Remedy

"The decision whether to remand for further proceedings or simply to award benefits is within the discretion of this court."  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  *See Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) ("We exercise our discretion not to award benefits because there may be evidence in the record to which the ALJ can point to provide the requisite specific and legitimate reasons for disregarding [the evidence].")  Although plaintiff urges this Court to remand for an award of benefits, the Court finds further proceedings necessary.  The ALJ, not this Court, is responsible for resolving conflicts in the medical evidence.  *Carmickle v. Comm'r of SSA*, 533

F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). On remand, the ALJ should reevaluate and explain the weight given to the opinions of Dr. Sargent, Dr. Fisher, and Dr. McDuffee.

## Other Issues

Plaintiff also assigns error to the ALJ's step three finding, assessment of his credibility, RFC determination, and step five finding. A determination of the legal sufficiency and substantial evidence support of those portions of the ALJ's decision will be affected by the reconsideration of the medical opinion evidence as set forth above. Therefore, the Court eschews consideration of these issues pending remand.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further proceedings.

DATED this 27th day of August, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge